IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

EMANUEL RODRIGUEZ ISAAC,

    Petitioner,

v.                                     CIVIL ACTION NO. 1:17-02236

BARBARA RICKARD, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's motion for reconsideration of the court's order of August 18, 2020 (ECF No. 9), dismissing his § 2241 petition. (ECF No. 11.) For the reasons discussed below, the motion for reconsideration is **DENIED**.

Concerning the propriety of granting a motion to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated that "a district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)); see also United States

ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002).

The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999) (citation omitted).

> Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.

Pac. Ins. Co. v. Am. Nat. Fire Ins., 148 F.3d 396, 403 (4th Cir. 1998). "[M]ere disagreement" with a court's legal analysis "does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

Plaintiff's motion does not fall within the limited circumstances under which a Rule 59(e) motion may be granted as enunciated by the Fourth Circuit. First, by failing to file timely objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"), petitioner waived his right to de novo review by this court. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Second, he has identified no new law or new evidence bearing on his case; nor has he identified a clear error of law. As the PF&R explains, petitioner cannot proceed

under § 2241 because his claim does not fall within the savings clause test set forth in In re Jones, 226 F.3d 328 (4th Cir. 2000). (ECF No. 9, at 7-10.) Nothing in petitioner's motion for reconsideration changes that reality.

For the foregoing reasons, petitioner's motion (ECF No. 11) is **DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 20th day of September, 2021.

ENTER:

David A. Faber
Senior United States District Judge